THE STATE OF OHIO, APPELLEE, *v.* TOLLIVER, APPELLANT.

(No. C-75396—Decided April 26, 1976.)

*Mr. Simon L. Leis, Jr.*, prosecuting attorney, *Mr. William E. Breyer* and *Mr. William P. Whalen, Jr.*, for appellee.

*Mr. Frederick J. McGavran*, for appellant.

Dowd, J. This is an appeal from a conviction for sexual battery (R. C. 2907.03), consisting of a constitutional challenge to R. C. 2907.03(A)(1) and a claim that the trial court's instructions to the convicting jury were prejudicially erroneous.

The defendant was indicted and tried for the offense of rape (R. C. 2907.02). Following the testimony, the trial court advised counsel that he had decided to charge the jury on the lesser included offense of sexual battery which provides, in part, as follows:

"R. C. 2907.03

"(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution."

Few facts were in dispute. The female victim, an unmarried woman of 35, was a student at a dance studio where the defendant was employed as an instructor. On the evening in issue, the two met on a prearranged date in downtown Cincinnati and visited several bars where they drank and danced. The defendant suggested a visit to his room in a downtown Cincinnati hotel or a trip to the woman's apartment. The alternative suggestions were declined and the woman, who had driven her automobile into downtown Cincinnati for the date, drove the defendant to his hotel. When they arrived in the vicinity of the hotel, the vehicle was parked in an enjoining parking lot.

By both accounts, the victim's and the defendant's, acts of sexual intercourse and fellatio took place in the back seat of the woman's automobile. She testified that the acts were forced upon her and included threats to kill. The defendant contended that the sexual acts were consensual.

After the sexual conduct was concluded, the two re-

mained in the automobile and drove out of downtown Cincinnati presumably as a result of the woman's stated desire to "get some coffee." She drove into nearby Norwood where she successfully, and to the apparent surprise of the defendant, suddenly abandoned the automobile and alerted nearby police to the defendant's misconduct. The defendant had departed from the automobile but was apprehended on foot. She was described by the police officers as upset, crying, with her clothing disarrayed and one side of her face and neck was described as "real red." She stated that she had just been raped. The defendant was described as having blood on his hands and forehead. A photograph displayed a cut or abrasion over the defendant's right eye and was received into evidence. The defendant admitted, when questioned by the police, that the two had engaged in sexual conduct but claimed that the acts were consensual.

After the trial court advised defense counsel that he intended to submit the lesser offense of sexual battery to the jury in addition to the indicted charge of rape, the following colloquy took place:

"The Court: Anything you want for the record before bringing the jury in?

"Mr. McGavran: Yes, sir. The Court stated that the Court intends on its own motion to charge on the lesser included offense to the jury in this case, that charge being upon 2907.03. I respectfully enter my exception and objection to that part of the charge.

"The Court: Anything else?

"Mr. McGavran: No.

"Mr. Whalen: No.

"The Court: I will give you the opportunity, before we address our final remarks to the jury, to take exception to anything in the Court's charge. If you have an exception please ask to approach the bench and we will discuss it here and put it in the record retroactively, but in the record where it should be without the inconvenience of dismissing the jury. If you have no exceptions, when I ask the question, you say no exception.

"The Court does intend to charge as I indicated to counsel on the charge of rape, as well as the lesser includ-

ed offense of sexual battery. I am going to include, at the request of defense counsel here, language or the substance of the language which he has suggested to the Court, to the effect that under the laws of the State of Ohio it is not a criminal offense for a man and a woman to engage in sexual intercourse when they are not married. That is the substance and because of the voir dire and some of the answers given, it is necessary in fairness to the defendant to do it.''

The jury was instructed on sexual battery as follows:

"* * * However, if you find that the State has failed to prove any one of the essential elements of the crime of rape, you must find the defendant not guilty of rape. You will proceed with your deliberations and decide whether the State has proved beyond a reasonable doubt all of the elements of the lesser included crime of sexual battery.

"I am going to describe for you the elements of the offense of sexual battery. However, in summary, I can say to you that the difference, the distinction between the two offenses is the absence or the failure on the part of the State to prove in this case force or threat of force.

"I will now read to you then, ladies and gentlemen, or give to you the elements of the offense of sexual battery. Of course, the State in considering this offense would have to prove that on or about the 28th day of December, 1974, in the County of Hamilton, State of Ohio, that the defendant engaged in sexual conduct with Janet H; that Janet H was not the spouse of the defendant; that the defendant knowingly coerced Janet H to submit by any means that would prevent resistance by a person of ordinary resolution.

"Coerce means to compel by pressure or threat. Knowingly means that when a person, regardless of his purpose, does an act, he is aware of his conduct and is aware it will probably produce a certain result, or he is aware his conduct will probably be of a certain nature, then he is knowingly conducting himself.

"A person has knowledge of the circumstances then when he is aware that such circumstances probably exist. Knowingly means that a person is aware of the existence

of the facts and these acts will probably then produce a specific result, or be of a certain nature.

"Again, since we cannot look into the mind of another person, knowledge is determined from all of the facts and circumstances in evidence. You should determine from those facts and circumstances whether there existed at the time in the mind of the defendant an awareness or belief that his conduct was going to coerce or compel the prosecuting witness, Janet H, to commit sexual conduct with him against her will."

Upon the conclusion of the court's instructions the record reflects the objections of the defense counsel:

"The Court: Approach the bar and we will get the record up to date. The record should reflect at that point in the Court's charge where the Court solicited from counsel any requests for corrections, additions, or deletions to the charge, Mr. McGavran on behalf of the defendant had a side bench conference out of the hearing of the jury and made certain requests. These requests are intended to be inserted in the record retroactively in the proceeding where they would have and should be applied and, of course, the record is clear to that point in the process where these comments should be then inserted.

"Mr. McGavran, I will summarize and give Mr. McGavran an opportunity to make a comment. First he called the attention of the Court to what he believes to be an inability to distinguish intelligently and reasonably between the offense of sexual battery and the offense of rape; specifically, the element of the offense which refers to coercion and by persuasion or force in the sexual battery offense, and the use of force or threat of force in the rape offense.

"Mr. McGavran wishes to take exception to the charge concerning the past conviction of the defendant. He feels this instruction is wrong and he objected to the question originally asked. It was ruled upon by the Court and it was correct in the Court's view under the evidence here.

"Anything for the record?

"Mr. McGavran: I invite the Court's attention to the words in the Ohio Revised Code, Section 2907.02, A-1, purposely compels, and I also invite the Court's attention

specifically to the Ohio Revised Code, Section 2907.03, A-1, the words knowingly coerces. I said that I did not believe that the distinction between the words 'purposely compels' and 'knowingly coerces' were intelligible to the jury and * * *.''

On appeal, the defendant assigns the following as error:

''1. The Trial Court incorrectly and incompletely charged the Jury on the elements of Sexual Battery of Ohio Rev. Code, Section 2907.03(A)(1).

''2. The Trial Court erred in submitting the evidence upon an indictment for Rape in violation of Ohio Revised Code, Section 2907.02 to the Jury on the 'lesser included offense' of Sexual Battery in violation of Ohio Revised Code, Section 2907.03(A)(1) because Ohio Rev. Code, Section 2907.03(A)(1) is unconstitutionally vague.''

In support of the arguments for both assignments of error, the defendant contends that there was no evidence of sexual battery offered. The defendant argues that the testimony offered by the woman to the effect that the defendant accomplished his sexual conduct by *force or threat of force*—i. e., the threat to kill and his physical manhandling of her. As the argument continues, a conviction for rape requires the determination that the offender *compelled the sexual conduct by force or threat of force*. The defendant declares that the phrase "coercion by any means," in sexual battery, excludes the concept of force or threat of force if there is, as there must be, a distinction between the greater offense of rape and the lesser offense of sexual battery. We disagree. We find that the defense argument ignores the stages of culpability that separate rape and sexual battery. In the case of rape the prosecution must prove that the offender *"purposely*[1] compels * * * by force or threat of force''; whereas, in the case of sexual battery, the

---

[1]As provided by R. C. 2901.22(A):

"A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."

prosecution must prove that the offender *"knowingly"* coerces ⁎ ⁎ ⁎ by any means that would prevent resistance by a person of ordinary resolution." Thus, where the jury finds that the offender engaged in sexual conduct with another, not the spouse of the offender, by *force or threat of force*, the remaining issue is culpability. A finding that the defendant acted "purposely" supports a rape conviction. When the jury is unable to find that the offender acted "purposely" but does conclude that the defendant acted "knowingly," then such a determination results in an acquittal of rape, but supports a conviction of sexual battery.

In response to the first assignment of error, we find that the trial court did correctly charge the jury on the elements of sexual battery. The defendant argues that because the trial court did not distinguish "physical force" required to prove rape from "coercion by any means," the jury was free to speculate that a finding that the defendant engaged in sexual conduct with the victim, without force, supported a conviction for sexual battery.[3] We disagree. "Coercion by any means that would prevent resistance by a person of ordinary resolution" does not by necessity include *force or threat of force*, but it may, as we have earlier indicated. The trial court defined coercion as to "compel by pressure or threat."[4] But he also instructed

[2]As provided by R. C. 2901.22(B):

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

[3]The defendant requested and the trial court gave an instruction stating: "You are instructed that under the laws of this State, it is not a criminal offense for a man to merely engage in sexual intercourse with a woman who is not his wife."

[4]The Ohio Legislative Service Commission published an explanation of the "Proposed Ohio Criminal Code" prior to its adoption by the General Assembly. R. C. 2907.03(A)(1) was adopted as proposed. In explaining R. C. 2907.03(A)(1), the following statements appeared at page 102:

"Proposed Section 2907.03 is designed to prohibit sexual conduct where the offender takes unconscionable advantage of the victim, by coercion or fraud ⁎ ⁎ ⁎. Division (A)(1) of the proposed sexual conduct prohibits sexual conduct by coercion. *Force or threat of force*

the jury that the coercion must be such as "would prevent resistance by a person of ordinary resolution."

Criminal Rule 30 requires that counsel specifically designate that part of the Court's instruction to which the defendant takes exception. As we read the record, the objections of the defendant were two fold:

1. The charge of sexual battery should not have been given.

2. The distinction between the words "purposely compels" and "knowingly coerces," were not intelligent to the jury.

We find neither specific objection well taken.

We are mindful of that part of the court's instruction which stated:

"I am going to describe for you the elements of the offense of sexual battery. However, in summary, I can say to you that the difference, the distinction between the two offenses is the absence or failure on the part of the state to prove in this case, force or threat of force."

That preliminary declaration, absent an accompanying explanation of the two elements of culpability—i. e., "purposely" and "knowingly"—was erroneous. However, we find the remainder of the instructions on sexual battery originally given to the jury to be sufficient. After the jury had deliberated for several hours, a jury request was made to have the elements of sexual battery and rape repeated. The court again instructed on sexual battery but excluded the preliminary erroneous instruction on the distinction between rape and sexual battery stating to the jury as to sexual battery:

"I will now read to you then, ladies and gentlemen, or give to you the elements of the offense of sexual battery.

"Of course, the state in considering this offense would have to prove that on or about the 28th day of December, 1974, in the County of Hamilton, State of Ohio that the defendant engaged in sexual conduct with Janet Heidt.

may constitute coercion and in this regard sexual battery is a lesser included offense to rape. Coercion, however, can also mean any threat other than threat of force, provided the threat is such that a person of ordinary resolution finds irresistable." (Emphasis added.)

"That Janet H was not the spouse of the defendant. That the defendant knowingly coerced Janet H to submit by any means that would prevent resistance by a person of ordinary resolution.

"Coerce means to compel by pressure or threat. Knowingly means that when a person regardless of his purpose does an act, he is aware of his conduct and is aware it will probably produce a certain result or he is aware his conduct will probably be of a certain nature, then he is knowingly conducting himself.

"A person has knowledge of the circumstances then when he is aware that such circumstances probably exist and knowingly means that a person is aware of the existence of the facts, and that his acts will probably then produce a specific result, or be of a certain nature.

"Again since we cannot look into the mind of another person, knowledge is determined from all of the facts and circumstances in evidence.

"You should determine from those facts and circumstances whether there existed at the time in the mind of the defendant an awareness or belief that his conduct was going to coerce, or compel or coerce the prosecuting witness, Janet H to commit sexual conduct with him against her will."

In view of our finding that the jury was subsequently and correctly twice instructed on the offense of sexual battery, we find that the preliminary instruction, though erroneous, to be harmless and we overrule the first assignment of error.

The second assignment of error contends that R. C. 2907.03(A)(1) is unconstitutionally vague. The proposition that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed is well established. *United States* v. *Harriss* (1954), 347 U. S. 612; *State* v. *Kasnett* (1973), 34 Ohio St. 2d 193; *Cincinnati* v. *Taylor* (1973), 36 Ohio St. 2d 73; *Columbus* v. *Rogers* (1975), 41 Ohio St. 2d. 161.

However, we find the proscribed conduct of R. C. 2907.03(A)(1)—"no person shall engage in sexual conduct with another, not the spouse of the offender, when * * * the

offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution"—to be conduct readily understood. It seems apparent that the legislature had as its purpose the proscribing of sexual conduct under a variety of situations. For example, R. C. 2907.03(A)(1) is designed to cover the compelling of sexual conduct in a situation where the offender takes an unconscionable advantage of the victim.

Additionally, and as earlier discussed, R. C. 2907.03 (A)(1) also includes the situations where the compelling act—force or the threat of force—is done only "knowingly" rather than "purposely."

In any event, the compelling act of whatever nature must be of such a quality as to *prevent resistance by a person of ordinary resolution*. The defendant has concentrated his argument that the statute is "unconstitutionally vague" upon the phrase "prevent resistance by a person of ordinary resolution," indicating that the phrase is meaningless. We disagree. If such a phrase is unconstitutionally vague and therefore meaningless, then we would have to decide that the reasonable doubt definition of R. C. 2901.-05(B) is likewise constitutionally defective in its explanation that "proof beyond a reasonable doubt is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs." We find the "ordinary" person standard meets the mandate of *United States* v. *Harriss, supra.* The second assignment of error is overruled.

Having overruled both assignments of error, the conviction and sentence are affirmed.

*Judgment affirmed.*

MITCHELL, and DAHLING, JJ., concur.

DOWD, J., of the Fifth Appellate District, DAHLING, J., of the Eleventh Appellate District, and Mitchell, J., of the Court of Common Pleas of Jackson County, sitting by designation in the First Appellate District.