**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herbert MACK, Defendant–Appellant.**

No. 92–3519.

United States Court of Appeals,
Sixth Circuit.

Argued March 19, 1993.

Decided Nov. 8, 1993.

Nancy A. Vecchiarelli, Asst. (argued and briefed), U.S. Atty., Office of the U.S. Atty., Cleveland, OH, for plaintiff-appellee.

Glen E. Billington (argued and briefed), Cleveland Heights, OH, for defendant-appellant.

Before: KENNEDY, NORRIS, and SUHRHEINRICH, Circuit Judges.

**PER CURIAM.**

Defendant Herbert Mack challenges his conviction as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), as well as his fifteen-year sentence enhancement under 18 U.S.C. § 924(e) for three prior "violent felony" convictions. For the following reasons, we **AFFIRM** in part, and **REVERSE** in part.

**I.**

In 1991, defendant, a convicted felon, was found in possession of a .9mm handgun by City of East Cleveland police detectives and Bureau of Alcohol, Tobacco, and Firearms (ATF) agents during a homicide investigation. Defendant was charged as a felon in possession under 18 U.S.C. § 922(g)(1).[1]

Defendant pled not guilty and moved to suppress the handgun on the basis that the police investigation violated due process under the Fifth Amendment. The district court denied his motion. Defendant then pled guilty, reserving the right to appeal the suppression issue.

At sentencing, the district court imposed a fifteen-year sentence enhancement under 18

---

1. Section 922(g)(1) provides:

  (g) It shall be unlawful for any person—

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ...

to ... receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g).

U.S.C. § 924(e) because defendant had three prior felony convictions for sexual battery under Ohio Rev.Code § 2907.03.[2] Neither the state indictment against defendant nor the transcript of defendant's state plea hearing were available, so the district court relied on extrinsic evidence presented by the government in finding that defendant had been convicted of "violent felonies."[3] This appeal followed.

## II.

### A.

■ Defendant argues that the handgun found in his possession should be suppressed because the police investigation violated due process. Specifically, defendant maintains that the city detectives and ATF agents arranged a meeting between defendant and an informant, and directed the informant to ask defendant to bring a gun solely to charge defendant as a felon in possession. We disagree.

■ Although law enforcement practices may become "so outrageous that due process principles ... absolutely bar the government from invoking judicial processes to obtain a conviction ...," *United States v. Russell,* 411 U.S. 423, 431–32, 93 S.Ct. 1637, 1642–43, 36 L.Ed.2d 366 (1973), such circumstances are truly rare. *Id.,* at 431–36, 93 S.Ct. at 1642–45. *United States v. Barger,* 931 F.2d 359, 363 (6th Cir.1991); *United States v. Norton,* 700 F.2d 1072, 1075 (6th Cir.), *cert. denied,* 461 U.S. 910, 103 S.Ct. 1885, 76 L.Ed.2d 814 (1983). This is not such a case. The district court found that the law enforcement officers simply surveilled an arranged meeting between defendant and an informant as part of a murder investigation, not as part of an entrapment-like scheme to arrest defendant as a felon in possession. We cannot say that this finding of fact was clearly erroneous. *See United States v. Williams,* 962 F.2d 1218, 1221 (6th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 264, 121 L.Ed.2d 194 (1992). Further, the use of paid informants to infiltrate criminal enterprises is a recognized means of police investigation. *United States v. Brown,* 635 F.2d 1207, 1212 (6th Cir.1980) (citing *Russell,* 411 U.S. at 432, 93 S.Ct. at 1643). We therefore hold that the district court properly denied defendant's motion to suppress.

### B.

Defendant next argues that his fifteen-year sentence was improper because his prior convictions do not constitute "violent felonies" under 18 U.S.C. § 924(e)(2)(B). Section 924(e)(1) provides that a felon in possession who has three prior convictions for "violent felonies" shall be imprisoned for a minimum of fifteen years. Section 924(e)(2)(B) defines "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year ... that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another....

18 U.S.C. § 924(e)(2)(B).

■ Defendant maintains that his three prior convictions for sexual battery under Ohio Rev.Code § 2907.03 do not constitute "violent felonies" under either prong of § 924(e)(2)(B) because sexual battery does not contain an element of force, either actual, threatened, or attempted.[4] We decide

---

**2.** Section 924(e)(1) provides that "a person who violates section 922(g) ... and has three previous convictions ... for a violent felony ... shall be ... imprisoned not less than fifteen years...." 18 U.S.C. § 924(e)(1).

**3.** At oral argument, the government explained that these documents had been destroyed by a fire.

**4.** Section 2907.03 provides:

(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

(1) The offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution.

(2) The offender knows that the other person's ability to appraise the nature of or control his or her own conduct is substantially impaired.

whether a crime is a "violent felony" based on the statutory definition of the crime, not the specific facts of an individual defendant's prior conviction. *Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 2159–60, 109 L.Ed.2d 607 (1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 247, 116 L.Ed.2d 202 (1991); *United States v. Kaplansky,* 5 F.3d 171 (6th Cir.1993); *United States v. Lane,* 909 F.2d 895, 901 (6th Cir.1990), *cert. denied,* 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991).

■ As statutorily defined, sexual battery simply does not require the use, attempted use, or threatened use of force. Rather, the crime is complete upon using any coercive means to induce the victim to engage in sexual conduct with the perpetrator. Coercion may, but need not, involve force. *See State v. Wilkins,* 64 Ohio St.2d 382, 385, 415 N.E.2d 303, 306 (1980) (explaining that force will always constitute coercion under § 2907.03(A)(1), but that force is not required to prove coercion); *State v. McCoy,* No. CA–325, slip op., 1993 WL 6590 (Ohio App. November 7, 1983) ("It is axiomatic that there can be coercion without force, but it is impossible to have force without coercion."); *State v. Tolliver,* 49 Ohio App.2d 258, 264 n. 3, 360 N.E.2d 750 n. 3 (Ohio App.1976) ("Coercion, however, can also mean any threat other than threat of force, provided the threat is such that a person of ordinary resolution would find it irresistible.") (quoting Ohio Legislative Service Bulletin on Ohio Rev.Code § 2907.03(A)(1)); Ohio Rev.Code § 2907.03 Committee Comment ("[Section 2907.03] includes sexual conduct by coercion, which is somewhat broader than force—one

> (3) The offender knows that the other person submits because he or she is unaware that the act is being committed.
> (4) The offender knows that the other person submits because such person mistakenly identifies the offender as his or her spouse.
> (5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis.
> (6) The other person is in custody of law or a patient in a hospital or other institution, and the offender has supervisory or disciplinary authority over such other person.
> (B) Whoever violates this section is guilty of sexual battery, a felony of the third degree.

**5.** The government also argues that sexual battery is a "violent felony" because Ohio Rev.Code

of the key elements of rape."). Thus defendant's prior convictions for sexual battery are not "violent felonies" under § 924(e)(2)(B)(i) because they do not necessarily involve physical force.[5]

The government argues that any crime under § 2907.03(A) presents a serious potential risk of physical injury to another. We disagree inasmuch as it "relies upon a speculative chain of events, which, while possible, does not justify categorizing the offense as a 'violent felony.'" *Kaplansky,* 5 F.3d at 174 (attempted kidnapping by deception) (internal quotation omitted). We decline to hold that sexual conduct with someone who is unaware of the nonconsensual nature of the act "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii); *Kaplansky,* 5 F.3d at 173.

■ The government also contends that given the original charge and the presentence report, it must be concluded that defendant was convicted under § 2907.03(A)(1), which implicates sexual contact by "coercion," which in this case involved physical force or threat thereof. The government alleges that defendant was originally charged with attempted rape and two counts of rape, and that each count of the indictment alleged that defendant compelled his victims to submit through the use or threat of force. Further, the facts as found in the presentence report indicate that defendant threatened his victims with bodily harm if they did not have sex with him.

§ 2901.01(I)(1) lists it as a "crime of violence." We disagree. The characterization of a crime by state law does not determine whether that crime constitutes a "violent felony" under § 924(e). *See United States v. Sherbondy,* 865 F.2d 996, 1005 (9th Cir.1988) ("If Congress had intended that state law be determinative, surely it would have said so, rather than defining the term *itself.*"). *See also United States v. Baskin,* 886 F.2d 383, 389 (D.C.Cir.1989) (Under the sentencing guidelines, "a crime is one of violence ... if it is defined under state law as requiring proof of the requisite use of force (or attempted or threatened use of force), regardless of how the state may *characterize* the crime...."), *cert. denied,* 494 U.S. 1089, 110 S.Ct. 1831, 108 L.Ed.2d 960 (1990) (emphasis original).

In *Taylor*, the Supreme Court recognized an exception to the categorical approach where the state statute defined burglary more broadly than the generic definition used by Congress in § 924(e), which is limited to entry into a building or structure. *Taylor*, 495 U.S. at 598–99, 110 S.Ct. at 2158–59. The Court held that in such a case, if the indictment or information and jury instructions demonstrate that the defendant was charged only with the more limited crime of burglary of a building such that the jury necessarily had to find an entry of a building to convict, then the government should be allowed to use the conviction for enhancement. *Id.* at 602, 110 S.Ct. at 2160.

The problem with applying the *Taylor* exception here is that the state indictment and transcript of the plea hearing have been destroyed. Thus, it is impossible for the district court to ascertain whether force was necessarily an element of the state crimes which defendant pleaded guilty to. Moreover, the presentence report "do[es] not meet the high standard set in *Taylor*" because it does not "indicate that, had [Mack] not pled guilty, a jury would necessarily have had to find that he committed the offense by force or threat of force, and not by [coercion]." *Kaplansky*, 5 F.3d at 176. Thus, we find the *Taylor* exception to the categorical approach inapplicable to the analysis under § 924(e)(2)(B)(i), or for that matter subsection (ii), which " 'like the rest of the enhancement statute, [ ] generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense.' " *Kaplansky*, 5 F.3d at 176 (quoting *Taylor*, 495 U.S. at 602, 110 S.Ct. at 2160 (footnote omitted)).

### III.

For the foregoing reasons, we **AFFIRM** defendant's conviction, but **REVERSE** and **REMAND** for resentencing in accordance with this opinion.

SUHRHEINRICH, Circuit Judge, concurring in part, dissenting in part.

I concur in section II.A. and I agree with the majority that a crime committed under the Ohio Rev.Code § 2907.03 does not constitute a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i) because it does not necessarily involve the use of force or threat of force. However, in my view, sexual battery, even by coercion, without force, always presents a "serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B)(ii). Similarly, subsections (2) through (6) of § 2907.03 also run afoul of § 924(e)(B)(ii), because it is the inherent physical act integral to the crime of sexual battery that gives rise to threat of injury, not the state of mind of the victim.