35 F.3d 566
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hubert Earl MILTON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1290.
 United States Court of Appeals, Sixth Circuit.
 Aug. 17, 1994.
 
 Before: KEITH and MILBURN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Hubert Earl Milton, a federal prisoner, appeals a district court order denying his motion to vacate his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Milton in January 1991 of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). On June 4, 1991, the district court sentenced him under the provisions of the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e), to a mandatory 15-year prison sentence after it found that he had been convicted of three prior violent felonies. A panel of this court affirmed Milton's conviction and sentence in an unpublished summary order. United States v. Milton, No. 91-1662 (6th Cir. Dec. 15, 1992) (order).
 
 
 3
 In his motion to vacate, Milton argued that the district court erred in finding that his Michigan felony firearm conviction was a "crime of violence" within the meaning of U.S.S.G. Sec. 4B1.1. In a supplemental motion, he further argued that the felony firearm conviction was not a "violent felony" for the purposes of Sec. 924(e). The district court denied Milton's Sec. 2255 motion in an opinion and order filed on February 25, 1994. That court found that Milton's first ground for relief was meritless because he was not sentenced as a career offender under the sentencing guidelines. It further concluded that Milton's conviction on the charge of possessing a firearm during the commission of the felony of armed robbery met the definition of "violent felony" under the Armed Career Criminal Act and that Milton was properly sentenced.
 
 
 4
 On appeal, Milton continues to contend that his felony firearm conviction is not a violent felony and that the district court erred in considering his underlying conduct to conclude that it met the statutory definition. While proceeding pro se, Milton filed a motion requesting the appointment of counsel. More recently, Milton has retained counsel, who has filed a request for oral argument.
 
 
 5
 Upon review, we affirm the district court's order because Milton was not erroneously sentenced. To prevail under Sec. 2255, a petitioner must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Milton has not raised his sentencing guidelines issue on appeal. Thus, it is considered abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992). In any event, it is without merit for the reason stated by the district court.
 
 
 7
 Non-constitutional claims that could have been raised on direct appeal are generally not cognizable in a collateral motion under Sec. 2255 as such a motion will not do service for a direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam). Before the merits of such claims may be reached, the defendant must demonstrate cause and prejudice to excuse his failure to raise the claims on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Milton has not attempted to show cause and prejudice to excuse his default. Nonetheless, the district court considered this issue on its merits and correctly concluded that it did not warrant relief.
 
 
 8
 The Supreme Court has ruled that, to determine whether an offense constitutes a violent felony under Sec. 924(e), a court must look only to the statutory definition of the offense and not to the particular facts underlying the conviction in the case under consideration. See Taylor v. United States, 495 U.S. 575, 600-02 (1990); United States v. Mack, 8 F.3d 1109, 1111-12 (6th Cir.1993) (per curiam). However, if the statute encompasses several crimes, and the sentencing court is unable to determine whether the defendant committed a violent felony from the statute alone, the court may examine the indictment or information to see which crime was at issue. Taylor, 495 U.S. at 602; Mack, 8 F.3d at 1113. Because Michigan's felony firearm statute, as it existed at the time of Milton's offense, defined the offense as: "a person who carries or has in his possession a firearm at the time he commits or attempts to commit a felony," Mich.Comp.Laws Ann. Sec. 750.227b (West Supp.1990), it could apply to both violent and nonviolent felonies. The district court, accordingly, examined the information and determined that Milton was convicted of "carry[ing] or hav[ing] possession of a firearm, in the commission or attempt to commit a felony, to wit: armed robbery." Under Michigan law, armed robbery is an element of the felony firearm charge at issue. See People v. Burgess, 353 N.W.2d 444, 447 (Mich.1984) (per curiam). Although Milton argues that the district court impermissibly considered the facts underlying his conviction, it is clear that the district court could and did decide the issue by examining only the statute and the information. Finally, Michigan allows inconsistent jury verdicts, id., and so Milton's conviction of felony firearm was permissible despite the jury's verdict of acquittal on the accompanying separate count of armed robbery.
 
 
 9
 Accordingly, the motion for oral argument and the appointment of counsel is denied. The district court's order, entered on February 25, 1994, is affirmed. Rule (9)(b)(3), Rules of the Sixth Circuit.