This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Kevin Jordan ("Kevin") appeals the decision of the Lorain County Court of Common Pleas, Juvenile Division, adjudicating Kevin a delinquent child. We modify the judgment and affirm as modified.
 I.
On July 23, 1999, the Lorain County prosecutor filed a complaint alleging that Kevin committed sexual battery, in violation of R.C.2907.03(A)(1). After a trial, the trial court found Kevin guilty of sexual battery and adjudicated him a delinquent child. The trial court ordered Kevin to undergo a sexual offender assessment at the Mokita Center.
Kevin failed to complete the assessment and moved to Las Vegas with his mother. The trial court issued a warrant for Kevin's arrest. After returning to Ohio, Kevin was arrested. On February 8, 2001, the trial court sentenced Kevin to the Department of Youth Services for a minimum six months to a maximum term to not exceed his twenty-first birthday.
This appeal followed. The assignments of error will be discussed out of order for ease of discussion.
 II.
Assignment of Error No. 2:
 THE TRIAL COURT VIOLATED KEVIN JORDAN'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION WHEN IT ADJUDICATED HIM DELINQUENT OF SEXUAL BATTERY, WHEN THAT FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In his second assignment of error, Kevin argues that his conviction was against the manifest weight of the evidence.[1] We disagree.
When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id. In evaluating whether a judgment is against the manifest weight of the evidence in a juvenile court, the standard of review is the same as that in the criminal context. In re Ozmun (Apr. 14, 1999), Summit App. No. 18983, unreported, at 3.
In order for a court to determine that a juvenile is a delinquent child, the court must find that the juvenile committed an act that would constitute a crime if committed by an adult. In re Burgess (1984),13 Ohio App.3d 374, 375; R.C. 2151.02(A). The court's finding of delinquency must be supported by proof beyond a reasonable doubt. In reWinship (1970), 397 U.S. 358, 364-365, 25 L.Ed.2d 368, 375; Juv.R. 29(E)(4), R.C. 2151.35(A).
R.C. 2907.03(A)(1) provides: "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender knowingly coerces the other person to submit by any means that would prevent resistance by a person of ordinary resolution." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B). Coercion means to compel by pressure, threat, force or threat of force. State v. Dunn (Apr. 3, 1985), Summit App. No. 11745 and 11746, unreported, at 6, citing State v. Tolliver
(1976), 49 Ohio App.2d 258.
At trial, the prosecutor presented evidence from four witnesses. Misty Dekam testified that Kevin forced her to perform oral sex on him. Misty stated that Kevin threatened that he would tell Misty's mother that she had performed oral sex on another student, Timothy Jackson, unless she also performed oral sex on him. Kevin and Misty were seated next to each other on the school bus when Kevin held her by her neck and pushed her head down to his genitals.
Misty stated that she was afraid of Kevin because she had seen him fight a twelfth grader at the bus stop. Timothy and another girl were caught having sex at school and reported Kevin and Misty to the principal in relation to the school bus incident. All four students were suspended and Misty's mother was contacted.
On cross-examination, Misty revealed that she voluntarily performed oral sex on Timothy before the incident with Kevin. Additionally, Misty stated that she did not inform her mother about the incident with Kevin until the school notified her mother about the suspension. Misty testified that her mother would be less upset if she told her mother that someone forced her to have sex.
Alma Dekam, Misty's mother, testified that the school informed her of the incident and that the police had not been involved because Misty's conduct was voluntary. After the school informed her of the incident with Kevin, Mrs. Dekam contacted the police. She testified that Misty, a thirteen year old, is a learning disabled student with the maturity level of a nine year old. On cross-examination, Mrs. Dekam stated that her daughter had no reason to fear her mother. She also stated that prior to the incident with Kevin, Misty was not sexually active.
Timothy testified that he and Misty had a voluntary sexual relationship. He witnessed the incident with Kevin while sitting behind Misty and Kevin on the bus. Timothy heard Kevin threaten to tell Misty's mother about her sexual activity with Timothy. He saw Kevin push Misty's head by holding onto her neck. He testified that Misty looked scared.
The defense stipulated that Rebecca Rogers, a detective with the Elyria Police Department, was an expert in investigation of sex crimes. Detective Rogers testified that Kevin's threat was coercive to a person of Misty's age and mental capacity. Misty expressed fear, which is a normal childhood reaction to the threat of telling on a child to his or her parent. On cross-examination, Detective Rogers stated that this was the only case she had been involved in where the threat was telling on the child to his or her parent.
Kevin was the only witness for the defense. He testified that he told Misty that he knew about her and Timothy. She offered to perform oral sex on Kevin. Misty pretended that Kevin was untying her shoelace and bent down. Kevin stated that he did not physically push or force her head down. Kevin and Misty were friends before they got in trouble at school for the incident on the bus. On cross-examination he stated that he was fifteen years old, approximately five feet eleven inches tall and weighed 223 pounds. He had fought boys but would never fight a girl.
Upon a careful review of the testimony and evidence presented at trial, we hold that the trial court did not act contrary to the manifest weight of the evidence in adjudicating Kevin a delinquent child based on a finding that Kevin committed sexual battery. We cannot find that this evidence weighs heavily in favor of the defendant such that a new trial must be ordered.
Kevin's second assignment of error is overruled.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT VIOLATED KEVIN JORDAN'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, AND JUV.R. 29(E)(4) WHEN IT ADJUDICATED HIM DELINQUENT OF SEXUAL BATTERY ABSENT PROOF OF EVERY ELEMENT OF THE CHARGE AGAINST HIM BY SUFFICIENT, COMPETENT, AND CREDIBLE EVIDENCE.
In his first assignment of error, Kevin argues that the trial court erred by adjudicating him a delinquent when insufficient evidence of the underlying offense exists. We disagree.
A trial court may enter a finding of delinquency when the evidence demonstrates, beyond a reasonable doubt, that the child committed an act which would have constituted a crime if committed by an adult. R.C.2151.02(A); Juv.R. 29(E). We employ the same standard of review applicable to criminal convictions claimed to be unsupported by sufficient evidence when determining whether sufficient evidence supports a trial court's delinquency adjudication. See In re Watson (1989),47 Ohio St.3d 86, 91.
When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380,386; State v. Jenks (1991), 61 Ohio St.3d 259, 273. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia
(1979), 443 U.S. 307, 319, 61 L.Ed.2d 560, 573-574; Jenks,61 Ohio St.3d at 273. Furthermore, a reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." Thompkins,78 Ohio St.3d at 390 (Cook, J., concurring).
Having already determined that the trial court's finding that Kevin committed sexual battery was not against the manifest weight of the evidence, we find that there was sufficient evidence to support the trial court's adjudication of Kevin as a delinquent child based on the underlying offense of sexual battery. The first assignment of error is overruled.
 IV.
Assignment of Error No. 3:
 THE JUVENILE COURT ERRED WHEN IT APPLIED SUBJECTIVE QUALITIES OF THE VICTIM TO THE "PERSON OF ORDINARY RESOLUTION" STANDARD.
In his third assignment of error, Kevin argues that the trial court's application of subjective qualities into the "person of ordinary resolution" standard was error.
In support of this argument on appeal, Kevin relies on State v.Tolliver (1976), 49 Ohio App.2d 258. Kevin's reliance on Tolliver for the proposition that a "`person of ordinary resolution' is comparable to the `reasonable doubt' definition" is misplaced. In Tolliver, the court made the comparison between "person of ordinary resolution" and "beyond reasonable doubt" for purposes of a constitutional analysis. Id. at 267.
The appellant bears the burden of demonstrating error on appeal. Akronv. Perdue (Aug. 28, 1996), Summit App. No. 17677, unreported, at 2. Pursuant to App.R. 16(A)(7) and Loc.R. 7(A)(6), the appellant's brief shall contain the contentions of the parties with citations to authorities, statutes, and relevant portions of the record supporting their position. Kevin has failed to present such law and evidence to support his assignment of error. Accordingly, the third assignment of error is overruled.
 V.
Assignment of Error No. 4:
 THE JUVENILE COURT ERRED TO THE PREJUDICE OF KEVIN JORDAN WHEN IT EXCLUDED TESTIMONY UNDER THE RAPE SHIELD LAW.
In his fourth assignment of error, Kevin argues that the trial court exclusion of evidence based on the rape shield law was error. We disagree.
The admission or exclusion of evidence rests soundly within the trial court's discretion. State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The trial court's decision concerning the admission or exclusion of evidence will not be reversed absent an abuse of that discretion. Id. at 182. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
The rape shield statute provides:
 [e]vidence of specific instances of the victim's sexual activity * * * shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
R.C. 2907.02(D). The statute essentially prohibits the introduction in a rape prosecution of any extrinsic evidence pertaining to the victim's prior sexual activity, unless one of the exceptions, such as evidence that is material to the issue of the origin of semen, applies, and unless the balancing test set forth in the statute applies. The rape shield statute does not apply to prosecutions for sexual battery. State v. Holland
(Oct. 14, 1987), Lorain App. No. 4193, unreported, at 9.
In a sexual battery prosecution, the trial court may exclude evidence of the victim's prior sexual activity if the trial court, in its sound discretion, finds such evidence to be irrelevant. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evid.R. 401. The rules of evidence favor the admission of relevant evidence, except where its prejudicial effect outweighs its probative value. Davis v. Immediate Med.Serv., Inc. (1997), 80 Ohio St.3d 10, 16.
In the present case, the trial court permitted evidence regarding Misty's voluntary prior sexual relations with Timothy. However, the trial court excluded evidence regarding Misty's sexual relations with any other students. We cannot say that the trial court abused its discretion in excluding evidence of Misty's prior sexual relations with other students. Kevin's fourth assignment of error is overruled.
 VI.
Assignment of Error No. 5:
 THE JUVENILE COURT ERRED WHEN IT FAILED TO STATE THE TOTAL NUMBER OF DAYS KEVIN JORDAN WAS HELD IN DETENTION PURSUANT TO R.C. 2151.355(F)(6).
In his fifth assignment of error, Kevin argues that he should receive credit for time served totaling 106 days.
R.C. 2151.355(F)(6) provides:
 the court shall state in the order of commitment the total number of days that the child has been held, as of the date of the issuance of the order, in detention in connection with the delinquent child complaint upon which the order of commitment is based.
In the present case, Kevin entered a denial to the charges in the complaint and was in detention from August 11, 1999 until September 22, 1999, a total of 42 days. Kevin was released to home monitoring on September 22, 1999. After returning to Ohio and being arrested, Kevin was in detention for 62 days from December 7, 2000 until the order of commitment, journalized on February 8, 2001.
On appeal, the appellee concedes that Kevin should receive credit for the first 42 days he served in connection with his delinquent child complaint. The appellee argues that Kevin is not entitled to credit for the 62 days he was detained after he was arrested upon returning to Ohio.
A review of the record reveals that Kevin's entire 104 days of detention were in connection to his delinquent child complaint. See R.C.2151.355(F). We find the trial court's failure to credit Kevin for the time he was detained was error. Kevin's fifth assignment of error is sustained and the judgment of the trial court is hereby modified to reflect a credit for 104 days time served.
 VII.
The first through fourth assignments of error are overruled. The fifth assignment of error is sustained and the judgment of the trial court is modified to reflect that Kevin receive credit for 104 days time served.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ WILLIAM R. BAIRD
BATCHELDER, P.J., SLABY, J. CONCUR.
[1] On May 24, 2001, this court ordered the trial court to transmit to the appellate court the following documents: the June 23, 1999 Elyria Police Department Report; the Mokita Center Sex Offender Specific Evaluation; and written statements by Timothy Jackson, Misty Dekam and Kevin. After a careful review of the trial court record, we find that the previously listed documents were not part of the trial court record. Accordingly, these documents are not properly before this court and will not be considered part of the appellate record for purposes of this appeal.